ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| HIBISCUSPR 357, LLC<br>Recurrido<br><br>v.<br><br>CONSEJO DE TITULARES EDIFICIO VIVIENDA 1675, ROSA E. LÓPEZ JAQUEZ O LA SUCESIÓN COMPUESTA POR SU HIJA JANIRA MERCEDES, JUAN JOSÉ GABINO SEVERINO Y OTROS<br>Peticionario | TA2025CE00409<br>consolidado con<br>TA2025CE00413 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número:<br>SJ2025CV01710<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de septiembre de 2025.

Comparecen ante nos, David Barreto Arocho, Juan Gabino Severino, Rosa E. Romano Canela, Josepha Soltero, Gisselle Encarnación Pozo, Dilia Rosendo Jerez, Ana Herrera Mosquea, Elucinda Rosendo Jerez, Sucesión Rosa López, Juan E. Aponte Berdequez, LB&V, LLC y/o Garry Sanon (Vecinos Peticionarios) y, separadamente, el Consejo de Titulares Edificio Vivienda 1675 (Consejo de Titulares), mediante los Recursos Núm. TA2025CE00413 y TA202500409, respectivamente.

En consideración a lo anterior, el 8 de septiembre de 2025, ordenamos la consolidación de ambos recursos debido a que corresponden a las mismas partes e impugnan el mismo dictamen interlocutorio, notificado el 10 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). En su pronunciamiento, el TPI denegó sus correspondientes petitorios de desestimación.

Por los fundamentos que exponemos a continuación, expedimos los autos de *certiorari* y revocamos el dictamen recurrido por haber sido emitido sin jurisdicción.

**I.**

El presente asunto tiene su génesis, el 3 de marzo de 2025, cuando Hibiscuspr 357, LLC (Recurrido) presentó una *Demanda* sobre daños y perjuicios en contra de los Vecinos Peticionarios, del Consejo de Titulares, de la señora Asteria J. Durán Martínez.[1] Esencialmente, el Recurrido expuso que es el titular de un local comercial ubicado en el primer piso del Edificio de Vivienda 1675 (Condominio). Asimismo, que adquirió el referido inmueble con el propósito de remodelarlo y alquilarlo. No obstante, según sostuvo, mientras la propiedad se encontraba en el mercado, se percató de un problema de humedad y de filtración en el techo. Añadió que, la filtración es constante y, por ello, no ha podido alquilar el local, ocasionándole daños. Esgrimió que, la filtración proviene de uno o de varios de los apartamentos residenciales ubicados en los pisos superiores y que ha realizado múltiples intentos infructuosos con el Consejo de Titulares y con los titulares de los apartamentos, en su intento por resolver este asunto.

Arguyó que, los Vecinos Peticionarios y el Consejo de Titulares son responsables solidaria y mancomunadamente de sus daños, al amparo del Artículo 1536 de la Ley Núm. 55 de 1 de junio de 2020, según enmendada, mejor conocida como el *Código Civil de Puerto Rico*, 31 LPRA sec. 10801 (Código Civil). A esos efectos, reclamó $100,000.00 por concepto de los daños que presuntamente sufrió su propiedad comercial producto de las filtraciones en su techo; una suma no menor de $110,000.00 por las rentas dejadas de devengar

---

[1] *Íd.*, Entrada Núm. 1. Posteriormente, a solicitud del Recurrido, el foro primario emitió una *Sentencia Parcial* en la cual ordenó el archivo sin perjuicio de la reclamación en cuanto a LB&V, LLC, al amparo de la Regla 39.1(a)(1) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3.

tras no poder alquilar el inmueble, a razón de $3,000.00 mensuales; y que se corrija de forma inmediata el problema de filtración de agua que afecta su propiedad.

El 2 de junio de 2025, el recurrido presentó una *Moción Sometiendo Emplazamiento Debidamente Diligenciado*.[2] En el referido documento, aseveró haber diligenciado los emplazamientos expedidos a ambas partes peticionarias. Específicamente, y pertinente a la controversia ante nos, el emplazamiento expedido al Consejo de Titulares reflejaba que fue diligenciado por conducto del señor David Barreto (señor Barreto), Tesorero de la Junta de Directores. Ese mismo día, el foro primario emitió una *Orden* en la cual, *motu proprio*, anotó la rebeldía a Ana Herrera, Rosa Romano, Rosa López, Elucinda Rosendo, Dilia T. Rosendo y al Consejo de Titulares.[3]

El 4 de junio de 2025, el Consejo de Titulares compareció a través de una *Moción Asumiendo Representación Legal, Reconsideración de Rebeldía y en Solicitud de Breve Término*, sin someterse a la jurisdicción del TPI.[4] En síntesis, solicitó al foro recurrido que levante la anotación de rebeldía. Expuso que, los trámites para seleccionar una representación legal e identificar las partidas para sufragarla, deben tomarse de forma colegiada, por lo cual, su demora está justificada. En adición, esgrimió que no había sido emplazado conforme a Derecho y adelantó que presentaría planteamientos de jurisdicción sobre la materia por cuanto el Departamento de Asuntos del Consumidor (DACo) es quien posee jurisdicción exclusiva sobre este asunto.

Por su parte, el 5 de junio de 2025, los Vecinos Peticionarios presentaron, sin someterse a la jurisdicción del foro primario, una

---

[2] *Íd.*, Entrada Núm. 9.
[3] SUMAC TPI, Entrada Núm. 10. Notificada el 3 de junio de 2025.
[4] *Íd.*, Entrada Núm. 11.

*Moción Asumiendo Representación Legal y Solicitud de Prórroga.*[5] Señalaron, igualmente, que el DACo posee jurisdicción exclusiva para atender esta causa. Además, invocaron la doctrina de falta de parte indispensable tras el Recurrido no haber incluido en la reclamación a la Junta de Directores. Sobre tales bases, solicitaron la desestimación de la demanda.

Ese mismo día, el Recurrido instó dos (2) escritos, a saber: una *Moción en Oposición a Reconsideración de Anotación de Rebeldía y en Solicitud de Breve Término* y una *Moción de Oposición a Prórroga en cuanto a 5 Demandados que están en Rebeldía.*[6] Discutió que, el Consejo de Titulares no acreditó una justa causa para que se levante su anotación de rebeldía. Además, se opuso al planteamiento de que el emplazamiento no se diligenció conforme a Derecho, en ausencia de documentos que controviertan su prueba. A lo antes agregó que, los argumentos jurisdiccionales debían hacerse a través de una alegación responsiva. Por último, señaló que los cinco (5) titulares que cuestionaron la anotación de rebeldía fueron emplazados conforme a Derecho.

Justipreciadas ambas posturas, el TPI emitió una *Orden* en la cual, tras considerar que los casos deben verse en sus méritos y que la comparecencia de las partes fue inmediata, dejó sin efecto la anotación de rebeldía.[7]

El 7 de junio de 2025, los Vecinos Peticionarios presentaron -nuevamente sin someterse a la jurisdicción del foro primario- una *Moción Informativa y en Solicitud de Remedio.*[8] En su escrito, solicitaron que el documento presentado el 5 de junio de 2025 fuera atendido como una solicitud de desestimación.

---

[5] *Íd.*, Entrada Núm. 12.
[6] SUMAC TPI, Entradas Núm. 13 y 14.
[7] *Íd.*, Entrada Núm. 15. Notificada el 6 de junio de 2025.
[8] *Íd.*, Entrada Núm. 19.

Por su parte, la codemandada Asteria J. Durán Martínez presentó una *Moción Solicitando se Dicte Sentencia de Forma Sumaria al Amparo de la Regla 10.2 de Procedimiento Civil.*[9] A través de dicho escrito solicitó la desestimación de la causa instada en su contra, bajo el fundamento de falta de jurisdicción sobre la materia.

De igual manera, el Consejo de Titulares presentó una *Moci[ó]n de Desestimaci[ó]n.*[10] Expuso que no fue emplazado conforme a Derecho, por lo que el TPI carece de jurisdicción *in personam.* A su entender, el señor Barreto no es una persona autorizada por ley para recibir un emplazamiento a nombre del Consejo de Titulares. Adujo que, conforme al Artículo 54 de la Ley Núm. 129-2020, según enmendada, mejor conocida como la *Ley de Condominios de Puerto Rico,* 31 LPRA sec. 1922z (Ley de Condominios), la única persona autorizada para recibir emplazamientos a nombre del Consejo de Titulares es su Presidente.

En cuanto a la falta de jurisdicción sobre la materia del TPI, sostuvo que, el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, le confiere jurisdicción primaria y exclusiva al DACo sobre las reclamaciones incoadas por omisiones del Consejo de Titulares en la administración de condominios de uso mixto. Señaló que, lo anterior se reafirma en la Regla 23 del Reglamento de Condominios Núm. 9386 de 6 de junio de 2022 del DACo (Reglamento Núm. 9386). Igualmente planteó que, la demanda incoada no satisfizo el estándar de plausibilidad, más bien, se basó en alegaciones vagas, no específicas, sin individualizar las acciones, omisiones o el nexo causal atribuible al Consejo de Titulares en cuanto a los daños alegados.

A lo antes se opuso el Recurrido mediante un escrito intitulado *Oposición a Tres Mociones de Desestimación.*[11] En esta

---

[9] SUMAC TPI, Entrada Núm. 22.
[10] *Íd.,* Entrada Núm. 24.
[11] SUMAC TPI, Entrada Núm. 28.

expuso su rechazo a la aplicación del Artículo 65 de la Ley de Condominios, *supra*. Sustentó lo antes en que, su reclamación es al amparo del Artículo 1536 del Código Civil, *supra*. Abundó que, su causa de acción se dirigió a los titulares de los apartamentos y no únicamente al Consejo de Titulares. Sostuvo, además, que no era necesario agotar todos los remedios administrativos puesto que su causa de acción es un asunto de estricto derecho.

En cuanto al planteamiento sobre falta de jurisdicción sobre la persona, señaló que, las Reglas de Procedimiento Civil permiten el emplazamiento de una persona jurídica, a través de un oficial o gerente administrativo. A esos efectos expuso que, el señor Barreto -en su capacidad de Tesorero de la Junta de Directores, es un oficial principal autorizado a recibir emplazamientos. Finalmente esgrimió que, tampoco procede la defensa de falta de parte indispensable por cuanto, de entender que la Junta de Directores era la causante de los daños alegados, al Consejo de Titulares le correspondía incluirla como parte a través de una demanda contra terceros.

Tras evaluar los argumentos esbozados por las partes, el 10 de julio de 2025, el TPI notificó la *Resolución Interlocutoria* impugnada.[12] En su dictamen, declaró *no ha lugar* a las solicitudes de desestimación y acogió los planteamientos en oposición a la falta de jurisdicción sobre la materia y sobre la persona. Asimismo, sostuvo que, no hay falta de parte indispensable por cuanto la reclamación es en contra del Consejo de Titulares, quien goza de personalidad jurídica propia y es la autoridad suprema sobre la administración del Condominio.

Luego de que el Consejo de Titulares y los Vecinos Peticionarios, separadamente, solicitaron sin éxito la reconsideración del referido dictamen, acuden ante esta Curia mediante sus respectivos recursos de *certiorari*. En particular, el

---

[12] SUMAC TPI, Entrada Núm. 29. Notificada el 10 de julio de 2025.

Consejo de Titulares (Recurso Núm. TA2025CE00409) señala lo siguiente:

> Erró el Tribunal de Primera Instancia al mantener al Consejo de Titulares del Edificio Vivienda 1675 dentro de un procedimiento sobre el cual carece de jurisdicción sobre la materia al no haber desestimado la demanda pese a que las alegaciones de un titular se fundamentan en supuestas omisiones del Consejo. Conforme a la Ley Núm. 129-2020 y a la normativa aplicable, el foro con jurisdicción primaria y exclusiva para dilucidar controversias de esa naturaleza es el Departamento de Asuntos del Consumidor (DACo).

> El Tribunal de Primera Instancia mantiene en curso una demanda contra la aquí recurrente, cuyo emplazamiento fue diligenciado en contravención de lo dispuesto en la Ley de Condominios y en las Reglas de Procedimiento Civil. El emplazamiento se efectuó a través del Tesorero de la Junta de Directores, persona no autorizada por ley para recibir notificaciones en representación del Consejo de Titulares. De conformidad con el Artículo 54 de la Ley Núm. 129-2020 y la Regla 4.4(e) de Procedimiento Civil, la facultad de representar y recibir emplazamientos dirigidos al Consejo de Titulares recae exclusivamente en su Presidente, por lo que el trámite realizado resulta jurídicamente ineficaz.

> La determinación recurrida mantiene en trámite una reclamación que no satisface el estándar de plausibilidad requerido por la Regla 10.2(5) de Procedimiento Civil. El escrito inicial se sustenta en una sola alegación, la cual, lejos de proveer precisión y certeza sobre el origen del alegado daño, resulta ser meramente hipotética y especulativa. Al no individualizarse acción, omisión ni nexo causal directo atribuible al Consejo de Titulares, la demanda carece de fundamento jurídico suficiente para justificar la concesión de un remedio. Una única alegación conjetural no puede sostener un pleito en derecho por lo que el Tribunal debió desestimar la demanda.

Por su parte, los Vecinos Peticionarios (Recurso Núm. TA2025CE00413) imputan al foro primario la comisión de seis errores, a saber:

> Erró el Honorable Tribunal al sostener que tiene jurisdicción sobre la materia en este caso, [aun] cuando la Ley de Condominios establece que es el DACO quien tiene jurisdicción primaria y exclusiva en todo lo que tenga que ver con condominios con al menos un apartamento de uso residencial.

> Erró el Honorable Tribunal al no tomar en consideración que la Ley de Condominios impone a los directores de un Condominio la obligación de velar por el adecuado funcionamiento de los elementos comunes generales del mismo, atendiendo todo lo relacionado a la conservación del inmueble y disponer las reparaciones ordinarias, particularmente establece, lo que tiene que ver con las filtraciones en el condominio, identificando de donde proviene la causa, sea de área comunal o privativa, y atender que se lleven a cabo las reparaciones necesarias.

> Erró el Honorable Tribunal al no tomar en consideración que la parte Demandante-Recurrida trae a los titulares en su carácter personal y de forma solidaria con el Consejo de

Titulares. La Ley de Condominios establece que los titulares solo responden de forma subsidiaria a las obligaciones del Consejo de Titulares y solo con su apartamento.

Erro el Honorable Tribunal al no desestimar la demanda por esta no exponer una reclamación que justifique la concesión de un remedio; la demanda no expone hechos ni derecho del que se pueda colegir que los titulares, si alguno, tiene el deber jurídico de actuar ante la parte Demandante y no lo hizo o que de alguna forma actuó negligentemente. Esto es obvio porque quienes tienen el deber jurídico de actuar son los directores.

Erró el Honorable Tribunal al ignorar la política pública del Estado de proteger en este tipo de casos es que los titulares tengan un remedio justo, rápido, económico y más que nada flexible ante el DACO para resolver esta controversia.

Erró el Honorable Tribunal al no desestimar la demanda por esta no exponer una reclamación que justifique la concesión de un remedio; porque la demanda no establece una causa clara y específica de la filtración que causó los alegados daños ni un nexo causal entre la acción u omisión del titular o titulares demandado(s).

Oportunamente, el Recurrido acredita cumplimiento con la Regla 22 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42. Con el beneficio de las posturas de las partes, resolvemos.

## II.

### A. La Jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024).[13] Cónsono con ello, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y, por tanto, debemos atender con preferencia los asuntos concernientes a la jurisdicción. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. De ese modo, si el tribunal no tiene

---

[13] Citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

jurisdicción, solo resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia. *Íd.*

La Regla 10.2(1) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(1), establece la falta de jurisdicción sobre la materia como una de las causales para la desestimación de una reclamación. *Díaz Vázquez y otros v. Colón Peña y otros,* 2024 TSPR 113, resuelto el 25 de octubre de 2024.[14] Por lo tanto, al adjudicar un caso, el primer factor que el tribunal debe considerar es si tiene jurisdicción sobre la materia y sobre las partes litigiosas. *FCPR v. ELA et al.,* 211 DPR 521, 530 (2023).

Lo anterior responde a que, la ausencia de jurisdicción, no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Íd.*

A esos efectos, cuando un tribunal determina que carece de jurisdicción sobre la materia, queda obligado a desestimar la causa de acción, sin discreción para asumir jurisdicción sobre dicho asunto. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288 (2022). Análogamente, la Regla 10.8(c) de las Reglas de Procedimiento Civil, *supra,* ordena al tribunal a desestimar un pleito cuando carece de jurisdicción sobre la materia.[15]

---

[14] Véase, además, *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043 (2020).
[15] Regla 10.8- Renuncia de defensas
(a) [...]
(b) [...]
(c) Siempre que surja, por indicación de las partes o de algún otro modo, que el tribunal carece de jurisdicción sobre la materia, éste desestimará el pleito.

**B. La Ley de Condominios y el Reglamento Núm. 9386**

El propósito detrás de la aprobación de la Ley de Condominios, *supra,* fue reglamentar y facilitar la vida en convivencia, además de, propiciar la disponibilidad de viviendas en un área limitada de terreno. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* 2025 TSPR 56, resuelto el 21 de mayo de 2025. Como se sabe, el Consejo de Titulares está constituido por todos los titulares y es "la autoridad suprema sobre la administración del inmueble sometido al Régimen de Propiedad Horizontal". *Íd.* Entre las funciones del Consejo de Titulares está proteger los intereses de todos sus miembros. *Íd.* Mientras que, la Junta de Directores es un grupo de directores que elige el Consejo de Titulares, a quienes delega la administración del condominio. *Íd.* Por último, el Agente Administrador es la persona que el Consejo de Titulares designa para administrar la operación del condominio día a día. *Íd.*

El Artículo 65 de la Ley de Condominios, *supra,* confiere jurisdicción primaria exclusiva al DACo para atender reclamaciones que insten titulares en condominios residenciales en contra de la Junta de Directores, del Consejo de Titulares o del Agente Administrador:

> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
>
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de [que]**

**los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor,** así como cualquier reclamación presentada en contra del agente administrador.

Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.

En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley.
[…] (Énfasis nuestro.)

Consistente con lo anterior, la Regla 23 del Reglamento Núm. 9386 dispone que, el DACo no ostenta "jurisdicción para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. En estos casos la jurisdicción corresponderá al Tribunal de Primera Instancia. Igualmente quedarán excluidas de la jurisdicción del DACO, las querellas entre titulares o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia."

**III.**

En sus respectivos recursos de *certiorari*, el Consejo de Titulares y los Vecinos Peticionarios impugnan la determinación del foro primario donde deniega sus petitorios de desestimación. Entre otros, argumentan que es el DACo quien posee jurisdicción primaria exclusiva ante reclamos en contra del Consejo de Titulares sobre presuntas omisiones que involucran condominios de al menos un

apartamento de uso residencial. Por el contrario, en su escrito en oposición, el Recurrido discute que el foro con jurisdicción es el TPI, toda vez que el reclamo es sobre daños y perjuicios, el cual no requiere del conocimiento especializado del DACo.

En atención a lo anterior, tratándose de un asunto jurisdiccional prioritario, auscultamos si el foro primario tiene jurisdicción sobre este asunto o si la jurisdicción es del DACo.

Tomando en consideración de que estamos ante una reclamación que incoó el Recurrido en contra del Consejo de Titulares, sobre un condominio en donde existen apartamentos de uso residencial, concluimos que el DACo ostenta la jurisdicción primaria exclusiva sobre este asunto, a tenor del Artículo 65 de la Ley de Condominios, *supra.* Si bien es cierto que el Recurrido también instó la presente causa en contra de otros titulares, resolvemos que, no aplica a estos hechos la excepción que emana de la Regla 23 del Reglamento Núm. 9386, *supra,* la cual excluye al DACo de jurisdicción en querellas entre titulares. Colegimos que, la inclusión del Consejo de Titulares como co-demandada y alegaciones específicas en atención a ello, hace inaplicable la citada Regla 23 y activa la jurisdicción primaria exclusiva del DACo sobre este asunto. Dictaminar lo contrario conllevaría anteponer una disposición reglamentaria frente al Artículo 65 de la Ley de Condominios, *supra.* A lo anterior se añade que, la presente causa no es solo de daños y perjuicios, sino que procura, además, la corrección y reparación de la presunta filtración entre otros asuntos inherentes al mantenimiento y al buen funcionamiento del condominio a cargo de la parte codemandada, Consejo de Titulares y los representantes de su junta de directores.

Cabe puntualizar que, el Artículo 39 de la Ley de Condominios, 31 LPRA sec. 1922k, establece el procedimiento ante la detección de una filtración que afecte áreas privadas, comunes o

comunes limitadas de un condominio, asunto del cual el DACo posee conocimiento especializado. Además, viabiliza que cualquier titular u ocupante -cuyo uso o disfrute del apartamento resulte afectado- pueda entablar como remedio una causa de acción de daños y perjuicios.

Sobre este tema, el Tribunal Supremo resolvió en *Muñoz Barrientos v. ELA et al.,* 212 DPR 714, 724 (2023) que "es válida la delegación a las agencias administrativas de la facultad para otorgar compensación por los daños y perjuicios sufridos por determinada persona." A pesar de que en dicho caso el Alto Foro reconoció que no todos los organismos administrativos ostentan autoridad para conceder una indemnización por daños y perjuicios, al resolver *Suárez Figueroa v. Sabanera Real, Inc.,* 173 DPR 694, 705 (2008) hizo claro que el DACo goza de tal facultad.

Destacamos que, *Suárez Figueroa v. Sabanera Real, Inc.,* supra, el Tribunal Supremo evaluó los incisos (d) e (i) del Artículo 6 de la ley habilitadora del DACo, Ley Núm. 5 de 23 de abril de 1973, 3 LPRA sec. 341e, los cuales disponen lo siguiente:

> En adición a los poderes y facultades transferidos por la presente Ley, el Secretario del Departamento de Asuntos del Consumidor tendrá los siguientes deberes y facultades:
> (a)[...]
> [...]
> (d) Poner en vigor, implementar y vindicar los derechos de los consumidores [...] con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios aptos conforme a derecho [...]
> [...]
> (i) Interponer cualesquiera remedios legales que fueran necesarios para hacer efectivos los propósitos de esta ley [...].
> [...]

En consideración a lo anterior, el Alto Foro interpretó que, cuando el citado artículo de la ley habilitadora del DACo dispone que dicha agencia "posee amplios poderes para dictar las acciones correctivas que sean necesarias para cumplir con el mandato de su ley habilitadora" en protección de los consumidores, entre tales

poderes está la compensación de daños. *Suárez Figueroa v. Sabanera Real, Inc.,* supra.[16]

Por los fundamentos expuestos, concluimos que el Recurrido presentó su reclamación en el foro equivocado. En su consecuencia, procede desestimar la presente causa ante la falta de jurisdicción del TPI sobre la materia. A la luz de lo anterior, y tomando como ciertos los hechos bien alegados en la demanda, dictaminamos que el asunto en controversia pertenece a la jurisdicción primaria y exclusiva del DACo. En su consecuencia, erró el foro primario al declararse con jurisdicción. Debido al resultado al cual llegamos, resulta innecesario discutir los demás señalamientos de error.

**IV.**

Por las razones expuestas, expedimos ambos autos de *certiorari* y revocamos la *Resolución Interlocutoria* recurrida. En su consecuencia, ordenamos la desestimación de la *Demanda* objeto de este pleito.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] A modo persuasivo, en *Morales Feliciano v. Consejo Titulares Palmas Dorados Regime* (KLRA202500150) y en *Vaillant v. Consejo de Titulares del Condominio Plaza Real Caparra* (KLRA202400635), dos (2) paneles hermanos revisaron dictámenes del DACo sobre querellas por daños por filtraciones. En ambos, la agencia ejerció su facultad de conceder daños a favor de los titulares reclamantes.